**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| AMADA MAITE MORTON, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) No. 1:23-cv-1726 (PTG/LRV) |
| | ) |
| REYMUNDO ARTIME VARGAS | ) |
| CISNEROS, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees (Dkt. 46). On December 15, 2023, Plaintiff Amada Maite Morton filed this lawsuit against Reymundo Artime Vargas Cisneros and Ellis A Fonseca for breach of contract. *See* Dkt. 1. Plaintiff alleged that the Defendants violated an Affidavit of Support, United States and Immigration Services ("USCIS") Form I-864, and Plaintiff sought damages pursuant to 8 U.S.C. § 1183a. *Id.* at 12-13. On January 8, 2025, after Defendants failed to defend against this lawsuit, Magistrate Judge Lindsey R. Vaala recommended default judgment be entered against them. Dkt. 41. This included a finding that "Plaintiff should be awarded reasonable attorneys' fees and costs in accordance with 8 U.S.C. § 1183a(c)." *Id.* On March 14, 2025, this Court approved and adopted the findings Judge Vaala set forth in the January 8, 2025 Report and Recommendation, and entered default judgment in favor of Plaintiff and against Defendants. Dkt. 44. Plaintiff now seeks Attorney fees pursuant to 8 U.S.C. § 1183a(c) for prosecuting this action. Dkts. 46, 47. For the reasons that follow, Plaintiff's Motion for Attorney Fees is **GRANTED.**

## I. Motion for Attorney's Fees

Attorneys' fees may be recovered by a sponsored immigrant for breach of an Affidavit of Support. *See* 8 U.S.C. § 1183a(c) ("Remedies available to enforce an affidavit of support under this section include . . . payment of legal fees and other costs of collection . . . ."); *see also Sloan v. Uwimana*, No. 1:11-CV-502, 2012 WL 1155206, at *2 (E.D. Va. Apr. 4, 2012). The fee applicant bears the burden of establishing that the fees and costs sought are reasonable. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). The amount of attorneys' fees due is calculated using the lodestar method. *McAfee v. Boczar*, 738 F.3d 81, 87-88 (4th Cir. 2014). The lodestar amount is determined by multiplying "[1] the number of reasonable hours expended [2] times a reasonable rate," then adjusting the outcome by "[3] subtract[ing] fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 88. The final award is determined as "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

In assessing the reasonability of the lodestar figure, the Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express., Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's*, Inc., 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

### A. Plaintiff's Claimed Hours are Reasonable

The Court finds that the 34.42 attorney hours expended on this litigation are reasonable. This is because, according to the documents submitted, the hours billed "were a direct result of litigating [Plaintiff's] claim." *Sloan*, 2012 WL 1155206, at \*4. Plaintiff filed a detailed document showing the hours expended, the dates on which the work was performed, and describing the tasks accomplished. Dkt. 47-1. Plaintiff's counsel apportioned tasks down to two decimal-point increments, which indicates careful attention was paid to the amount of time each task took. *Id.* The hours are also reflective of the difficulties posed by the circumstances of the case, including Defendant Fonesca's apparent attempts to evade service. *See* Dkt. 46 at 7. Attorney McLawsen did not charge for one task (.10 hours to draft a supporting declaration). Dkt. 47-1. The time submitted is a reasonable accounting of hours expended to bring this two-count claim against the two defendants and litigate the case over fifteen months through default judgment.

### B. The Hourly Rate Claimed by Plaintiff's Counsel Is Reasonable

The Court finds that Plaintiff's hourly rate of $600 per hour is reasonable. In determining a reasonable hourly rate, courts in this District often refer to the *Vienna Metro* matrix. *Gomez v. Seoul Gool Dae Gee Inc.*, 434 F. Supp. 3d 381, 385 (E.D. Va. 2020) (citing *Vienna Metro LLC v. Pulte Home Corp.*, 786 F.Supp.2d 1090 (E.D. Va. July 19, 2018)). The matrix "accounts for *[Johnson]* factors (3) skill required, (5) customary fee, (9) the experience, reputation, and ability of the attorney, and (12) fee awards in similar cases." *Id.* Under the matrix, lawyers with more than 11 but less than 20 years of practice can reasonably charge between $520 and $770 per hour. *Id.* Plaintiff's counsel has been practicing since 2009 and is a nationally recognized specialist in the niche area of seeking enforcement of Affidavits of Support. Dkts. 47-3, 47-4. With 17 years of experience and a specialty in the area, his request on the higher end of the matrix is supported.

3

The fact that this representation was made on a contingency fee basis also favors a finding of reasonableness, considering *Johnson* factors 4 (opportunity cost) and 6 (attorney's expectation). *See* Dkt. 46; *Barber*, 577 F.2d at 226 n.28. Attorney McLawsen charged a reduced rate for travel ($300 for 10 hours total of travel). After October 11, 2024, Attorney McLawsen's rates increased to $650 per hour, which is still within the *Vienna Metro* matrix of reasonableness. *See Barber*, 577 F.2d at 226 n.28.

Thus, the total lodestar before adjustment comes to 34.43 hours, 18.9 of which were billed at $600 per hour, 0.1 of which was billed at $0 per hour, 10 of which were billed at $300 per hour, and 5.43 of which were billed at $650 per hour. Dkt. 47-1. This results in a total of $17,869.50.[1]

### C. No Reduction to the Lodestar Figure is Necessary

The Court finds that no reduction of the loadstar figure is necessary because Plaintiff succeeded on both claims. The Court agrees that the amount in controversy is inherently modest, being 125% of poverty guidelines, that the representation of impoverished immigrants can be challenging to build a practice on, and that the length of litigation despite a nearly foreclosed likelihood of repeat business from the same client all weigh strongly in favor of no adjustment to the lodestar. *See Barber*, 577 F.2d at 226 n.28.

## II. CONCLUSION

In consideration of the foregoing, the Court grants Plaintiff's Motion for Attorneys Fees and awards $17,869.50 in attorney's fees because Plaintiff has shown that such an amount is

---

[1] The Court notes that Attorney McLawsen's time entries total "34.42" hours, and he seeks "$17,863.96" in total fees. Dkt. 47-1. While the reason for the discrepancy is unclear, the lodestar figure is nevertheless calculated independently. *See Sloan*, 2012 WL 1155206, at *4; *cf. Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

reasonable. The Court further awards reasonable costs of $2,087.37 incurred during the course

Attorney McLawsen's representation of the Plaintiff. *See* Dkt. 47-2. Accordingly it is

    **ORDERED** that Plaintiff's Motion for Attorney Fees (Dkt. 46) is **GRANTED**. Plaintiff

Amada Maite Morton is awarded $17,869.50 in attorney's fees and $2,087.37 for costs against

Defendants.

    The Clerk of the Court shall enter judgment in favor of the Plaintiff and against the

Defendants in the total amount of $19,956.87.

Entered this _16_ day of March, 2026.
Alexandria, Virginia

_____ /s/

Patricia Tolliver Giles
United States District Judge